Revised 03/06 WDNY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FILED
MAY 6 2016
UNITED STATES DISTRICT COURT
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

FORM TO BE USED IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983
(Prisoner Complaint Form)

16   CV   361

All material filed in this Court is now available via the **INTERNET**. See **Pro Se Privacy Notice** for further information.

## 1. CAPTION OF ACTION

A.    **Full Name And Prisoner Number of Plaintiff: NOTE:** *If more than one plaintiff files this action and seeks in forma pauperis status, each plaintiff must submit an in forma pauperis application and a signed Authorization or the only plaintiff to be considered will be the plaintiff who filed an application and Authorization.*

1. William T. Grant #95A3324

2. _____

-VS-

B.    **Full Name(s) of Defendant(s) NOTE:** *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant. If you have more than six defendants, you may continue this section on another sheet of paper if you indicate below that you have done so.*

1. Anthony J. Annucci (Commissioner)
2. LT. Tad Levac (Five Points CF)
3. C.O. J.Lalone (Five Points CF)
4. C.O. P.Flora (Five Points CF)
5. C.O.R.Maloy (Five Points CF)
6. Corr. Counselor D.Funke (Five Points)

## 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

## 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION NOTE:** *To list additional plaintiffs, use this format on another sheet of paper.*

Name and Prisoner Number of Plaintiff:    William T. Grant #95A3324

Present Place of Confinement & Address:    Greenhaven Corr. Fac.

594 Route 216

Stormville, New York 12582

Name and Prisoner Number of Plaintiff: _____

Present Place of Confinement & Address: _____

DEFENDANT'S INFORMATION NOTE: *To provide information about more defendants than there is room for here, use this format on another sheet of paper.*

Name of Defendant:    Anthony J. Annucci

(If applicable) Official Position of Defendant: Commissioner NYS DOCCS

(If applicable) Defendant is Sued in   X    Individual and/or _____ Official Capacity

Address of Defendant:    W.A. Harriman State Office Campus Building #2, 1220 Washington Avenue, Albany,New York 12226


Name of Defendant:    Tad Levac

(If applicable) Official Position of Defendant: Lieutenant Five Points Corr. Fac

(If applicable) Defendant is Sued in   X    Individual and/or _____ Official Capacity

Address of Defendant:   Five Points Corr.Fac.  State Route  96 ,PO.Box 119 Romulus,New York 14541


Name of Defendant:    J.Lalone

(If applicable) Official Position of Defendant: Correction Officer Five Points Corr. Fac.

(If applicable) Defendant is Sued in   X    Individual and/or _____ Official Capacity

Address of Defendant: Five Points Corr. Fac. State Route 96, PO.Box 119 Romulus, New York 14541


## 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A.    Have you begun any other lawsuits in state or federal court dealing with the same facts involved in this action?
      Yes____  No **X**

If Yes. complete the next section.  NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1.    Name(s) of the parties to this other lawsuit:

      Plaintiff(s):_____

      Defendant(s):_____

      _____

2.    Court (if federal court, name the district; if state court, name the county):_____

      _____

3.    Docket or Index Number:_____

4.    Name of Judge to whom case was assigned:_____

<u>DEFENDANT'S INFORMATION(cont.)</u>

Name of Defendant: P.Flora
(If applicable) Official Position of Defendant: Correction Officer Five Points
(If applicable) Defendant is Sued in X Individual or _ Official Capacity
Address of Defendant: Five Points Corr.Fac. State Route 96, PO.Box 119
  Romulus, New York 14541

Name of Defendant: R.Maloy
(If applicable) Official Position of Defendant: Correction Officer Five Points
(If applicable) Defendant is Sued in X Individual or _ Official Capacity
Address of Defendant: Five Points Corr.Fac. State Route 96, PO.Box 119
  Romulus, New York 14541

Name of Defendant: D.Funke
(If applicable) Official Position of Defendant: Corr. Counselor Five Points
(If applicable) Defendant is Sued in X Individual or _ Official Capacity
Address of Defendant: Five Points Corr.Fac. State Route 96, PO.Box 119
  Romulus, New York 14541

5.    The approximate date the action was filed: _____

6.    What was the disposition of the case?

        Is it still pending?  Yes_____  No_____

                If not, give the approximate date it was resolved. _____

        Disposition (check the statements which apply):

      _____ Dismissed (check the box which indicates why it was dismissed):

             _____  By court *sua sponte* as frivolous, malicious or for failing to state a claim
                    upon which relief can be granted;

             _____  By court for failure to exhaust administrative remedies;

             _____  By court for failure to prosecute, pay filing fee or otherwise respond to a court
                    order;

             _____  By court due to your voluntary withdrawal of claim;

      _____ Judgment upon motion or after trial entered for

             _____  plaintiff

             _____  defendant.

B.    Have you begun **any other lawsuits** in federal court which **relate to your imprisonment**?

        Yes_X___  No_____

If Yes, complete the next section. NOTE: *If you have brought more than one other lawsuit dealing with your imprisonment,
use this same format to describe the other action(s) on another sheet of paper.*

1.    Name(s) of the parties to this other lawsuit:

        Plaintiff(s):  William T. Grant
_____

        _____

        Defendant(s):  Brian Fischer, P.Venettozi, R.Boissy,J.Atkinson(Winney)

        _____

2.    District Court:  Northern District _____

3.    Docket Number:  9:14-CV-1382 (MAD)(DJS)_____

4.    Name of District or Magistrate Judge to whom case was assigned:  Hon.Daniel J. Stewart US

    Magistrate Judge _____

5.    The approximate date the action was filed:  November 2014 _____

6.    What was the disposition of the case?

        Is it still pending?  Yes_X__  No____

                If not, give the approximate date it was resolved. _____

Disposition (check the statements which apply):

_____ Dismissed (check the box which indicates why it was dismissed):

      _____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

      _____ By court for failure to exhaust administrative remedies;

      _____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

      _____ By court due to your voluntary withdrawal of claim;

_____ Judgment upon motion or after trial entered for

    _____ plaintiff

    _____ defendant.

---

## 5.  STATEMENT OF CLAIM

For your information, the following is a list of some of the most frequently raised grounds for relief in proceedings under 42 U.S.C. § 1983.  (This list does not include **all** possible claims.)

| | | |
|---|---|---|
| • Religion | • Access to the Courts | • Search & Seizure |
| • Free Speech | • False Arrest | • Malicious Prosecution |
| • Due Process | • Excessive Force | • Denial of Medical Treatment |
| • Equal Protection | • Failure to Protect | • Right to Counsel |

**Please note that** it is not enough to just list the ground(s) for your action.  You **must** include a statement of the facts which you believe support each of your claims.   In other words, tell the story of what happened to you but do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted.  Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial."  Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995).  **Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

---

### Exhaustion of Administrative Remedies

Note that according to **42 U.S.C. § 1997e(a)**, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prison er confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

You must provide information about the extent of your efforts to grieve, appeal, or otherwise exhaust your administrative remedies, and you must attach copies of any decisions or other documents which indicate that you have exhausted your remedies for each claim you assert in this action.

**A. FIRST CLAIM:** On (date of the incident) __May 13,2013__

defendant (give the <u>name and position held</u> of <u>each defendant</u> involved in this incident) __C.O. J.Lalone,__ __C.O P.Flora, and C.O. R.Maloy all Correction Officers at the Five Points__ __Correctional Facility.__

did the following to me (briefly state what each defendant named above did): __after entering into Plaintiff__ __cell to break up an altercation between him and his cellmate, these__ __Officers began hitting Plaintiff in his back, head, face and body with their__ __wooden sticks, fists and feet even though Plaintiff was restrained and not__ __combative. They also grabbed me from behind in a choke hold position while__ __continuously punching me in my face. These intentional, deliberate,__ __assaultive actions and use of excessive force by these Officers caused me__ __serious, extensive, and permanent injuries to my face, back, head and eye.__

The constitutional basis for this claim under 42 U.S.C. § 1983 is: __The actions of these officers__ __Violated my 8th Amendment Rights to be free from cruel,unusual,excessive force__

The relief I am seeking for this claim is (briefly state the relief sought): __Be awarded Compensatory damages__ __in the amount of $500,000. against each of the Defendants and Punitive__ __damages in the amount of $500,000 against each of the Defendants.__

<u>Exhaustion of Your Administrative Remedies for this Claim:</u>

Did you grieve or appeal this claim? __X__ Yes _____ No   If yes, what was the result? __Grievance denied.__

Did you appeal that decision? __X__ Yes _____ No   If yes, what was the result? __Officers denied__ __allegations and DOCCS deemed allegations unsubstantiated.__

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: _____

**A. SECOND CLAIM:** On (date of the incident) __May 16,2013__

defendant (give the <u>name and position held</u> of <u>each defendant</u> involved in this incident) __D.Funke,__ __Correction Counselor at Five Points Correctional Facility__

5

did the following to me (briefly state what each defendant named above did): as an employee assistant assigned to assist me in the gathering of documents and informations necessary and essential to the preparation and defense of a Tier 3 misbehavior report (MBR) dated 5/13/13 by C.O. J.Lalone at Five Points Corr.Fac. accusing Plaintiff of committing serious offenses and violations of Facility rules, failed to acquire and obtain specifically requested documents and informations prejudicing Plaintiff and prohibiting him from adequately preparing a defense.

The constitutional basis for this claim under 42 U.S.C. § 1983 is: The ineffectiveness and inadequacy of D.Funke violates Plaintiff Due Process Rights to meaningful employee assist.

The relief I am seeking for this claim is (briefly state the relief sought): To be awarded Compensatory damages in the amount of $75,000 and Punitive damages in the amount Of $75,000 and such other and further relief as the Plaintiff is entitled to.

### Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim?  __X__ Yes  _____ No   If yes, what was the result? Plaintiff's Administrative appeal was affirmed on September 4,2013 by Defendant Annucci

Did you appeal that decision?  __X__ Yes  _____ No   If yes, what was the result? Plaintiff's Article 78 Petition challenging said violations and relief sought was granted Oct.10,201

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: _____

_____

**If you have additional claims, use the above format and set them out on additional sheets of paper.**

### 6. RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

WHEREFORE, Plaintiff requests that this Court grants the relief herein sought against each of the Defendants; $500,000. in compensatory each for Defendants C.O.'s J.Lalone, P.Flora, and R.Maloy; $500,000. in punitive damages each for C.O.'s J.Lalone, P.Flora and R.Maloy; $75,000. in compensatory damages and $75,000. in punitive damages against D.Funke; $300,000.($150,000. compensatory $150,000. punitive)against Tad Levac;$200,000 compensatory & punitive against Anthony J. Annucci; Declaratory Judgement and such other and further relief the Court deems proper.

Do you want a jury trial? Yes __X__ No_____

6

A. THIRD CLAIM: On(date of the incident)May 23,2013,June 8,2013,June 13,2013
defendant(give the name and position held of each defendant involved in
this incident) Lieutenant Tad Levac of Five Points Correctional Facility

did the following to me(briefly state what each defendant named above did)
As the designated Hearing Officer for Claimant's Tier 3 disciplinary
hearing for the MBR's dated May 13,2013 denied Plaintiff the oppurtunity
to present and submit documentary evidence in my defense including but not
limited to a grievance that Plaintiff filed against the Correction Officers
for assaulting him and using excesssive force and filed the MBR's against
to cover for their illegal and unlawful behaviors and actions against
Plaintiff. Additionaly during the disciplinary hearing defendant Levac denied
right and oppurtunity to call a witness including but not limited to the
IG Investigator who investigating the assault against Plaintiff by the
Officers and the doctoring and falsifications of the MBR's to cover up
their illegal and unlawful actions.
The Constitutional basis for this claim under 42 U.S.C.§1983 is:Defendant
Levac's actions violated Plaintiff's Constitutional and Fundamental Due
Process Rights under the 14th Amendment.

The relief I am seeking for this claim is(briefly state the relief sought):
To be awarded Compensatory damages in the amount of $150,000. and Punitive
damages in the amount of $150,000.

### Exhustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim? XYes _No If yes, what was the result?
Plaintiff's Administrative Appeal was affirmed on September 4,2013 by
Defendant Annucci.

Did you appeal that decision? XYes_No If yes,what was the result? Plaintiff
Article 78 Petition challenging said violations and relief sought was granted.

Attach copies of any documents that indicate that you have exhausted this claim.

If you did not exhaust your administrative remedies, state why you did not do so:

A. FOURTH CLAIM: On(date of the incident) September 4,2013 and October 10 2014 defendant(give the name and position held of each defendant involved in this incident) Anthony J. Annucci, Acting Commissioner NYS DOCCS

did the following to me(briefly state what each defendant named above did) on September 4,2013 acquiesced in the violation of Plaintiff's Due Process Rights when he as the Acting Commissioner of the NYS DOCCS and having the ultimate reveiw power and final decision making of inmates Tier 3 Appeals, affirmed and upheld the constitutionally suspect and infirm disciplinary hearing and determination of Lt. Tad Levac at the Five Points Correctional Facility on June 13,2013. In addition,defendant Annucci in his position as Acting Commissioner failed to direct the Superintendant and Administration at the Wende Correctional Facility to comply with the Supreme Court Albany County Judge Glen T. Bruening Decision and Order that the constiotutionally defective disciplinary hearing and determination of June 13,2013 be reversed and annulled and expunged from Plaintiff's institutional records and that all sanctions imposed as a result be lifted. Though this Order and Decision was made and given on October 10,2014 defendant Annucci failed to direct that the sanctions and restrictions that Plaintiff was under be lifted and that said disciplinary proceedings be expunged from Plaintiff's institutional records thus causing Plaintiff to continue to suffer under sanctions and restrictions.

The Constitutional basis for this claim under 42 U.S.C.§1983 is: Plaintiff suffered atypical and significant hardships as a result of the Defendant's actions and inactions in the aquiescence of the infirm disciplinary hearing and determination and the failure to lift the imposed restrictions and sanctions imposed in violation of Plaintiff's Constitutional Rights under the Eighth and Fourteenth Amendments.

The relief I am seeking for this claim is(briefly state the relief sought): Compensatory damages in the amount of $100,000 and Punitive damages in amount of $100,000.

### Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim? XYes_No If yes, what was the result? Plaintiff's Administrative Appeal was denied and no relief from grievance.

Did you appeal that decision? XYes_No If yes,what was the result? Plaintiff Article 78 Petition granted and no immediate relief from grievance appeal.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ April 10, 2016 _____
　　　　　　　　　　　　　　　(date)

NOTE: *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

_____ William T. GRANT _____

_____ William T. Grant _____

_____
Signature(s) of Plaintiff(s)

7

<u>DECLARATION OF VERIFICATION</u>

STATE OF NEW YORK )
                   )ss.:
COUNTY OF DUTCHESS)

      I, William T. Grant, declares under penalty of perjury that the contents of the foregoing Complaint dated <u>April 10,2016</u> are well known to me, and that the same is true to my knowledge, except as to the matters therein stated on information and belief, and as to those matters I believe them to be true.

      Pursuant to 28 U.S.C.§1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: <u>April 10,2016.</u>
       <u>Stormville,New York.</u>

Mr.William T. Grant #95A3324
Greenhaven Corr.Fac.
594 Route 216
Stormville,Newe York 12582

William T. Grant #95A3324


Documents showing exhaustion of Administrative Remedies for First Claim


EXHIBIT #1

GRIEVANCE

FIVE POINTS

W, GRANT                    ) 95A3324         MAY 17, 2013
                             N/A              12-A1-19bot
                                              N/A

On May 13, 2013 i got into a fight with my bunkie in S.H.U (12-A1-21ND) when the officers came into The cell to break it up, even after they removed my bunkie from The cell and had me restrained They continously punched and Kicked me in my head, face, and body causing multiple injuries to my face, head and body in which I suffered, amongst trauma, broken bones in my face and I had to be rushed to th emergency room of ECMC.

William Grant

X                           Investigator

That an investigation take place and Those officers be suspended and charged for assaulting me and using excessive, abusive and unnecessary force.

To: Inmate Grievance + Resolution Supservisor
    Five Points Corr. Fac.

Date: July 16, 2013

From: William Grant #95A3324
      Southport Corr. Fac.

RE: Inmate Grievance Responses + Results.

Dear IGRC Supervisor,
        I have yet to recieve responses and the results
to my grievance dated May 17, 2013 in regards to the
deliberate indifference by staff at Five Points Corr. Fac, and in
regards to me being assaulted by staff causing me to be sent
to the emergency room of an outside hospital and sustaining broken
bones in my face.
        Can you please inform me as to the status of my
grievances. Thank you.

cc: W6/File
    July 16, 2013

FPT-27498-13

William Grant
William Grant #95A3324
Southport Corr. Fac.
P.O. Box 2000
Pine City, N.Y. 14871-2000

| STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES and COMMUNITY SUPERVISION | GRIEVANCE NO. FPT # 27498-13 | | DATE FILED May 17th, 2013 |
|---|---|---|---|
| | FACILITY Five Points Correctional Facility | | POLICY DESIGNATION I |
| INMATE GRIEVANCE PROGRAM SUPERINTENDENT RESPONSE | TITLE OF GRIEVANCE Alleges assault by staff | | CLASS CODE 49 |
| | SUPERINTENDENT'S SIGNATURE _Acting Supt_ | | DATE 6/11/2013 |
| GRIEVANT GRANT, William | DIN # 95A3324 | | HOUSING UNIT 12-A1-19B |

In accordance with Directive 4040, 701.8 (d) (2), this grievance was investigated by this facility and all staff have gone on record denying these allegations. This grievance is currently under investigation by the inspector general's office. As such, no further investigation or processing of this grievance by Five Points Correctional Facility will occur at this time.

**Grievance Denied**

---

APPEAL STATEMENT

If you wish to refer the above decision of the Superintendent, please sign below and return this copy to your Inmate Grievance Clerk. You have four (4) working days from receipt of this notice to file your appeal. Please state why you are appealing this decision to C.O.R.C.

_Wish to exhaust administrative remedies. Instead of "Grievance Denied" it should have stated "Grievance still under investigation."_

_William Grant_
Grievant's Signature                                      8/2/13
                                                          Date

_____                    _____
Grievance Clerk's Signature                                Date

FORM 2133A (Rev 2/89)

_* legal mail records will show that I did not receive the Superintendents response or IGRC response to this grievance until July 30, 2013 (7/30/13)._

| | | | |
|---|---|---|---|
| **STATE OF NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION** | Grievance Number<br>FPT-27498-13 | Desig./Code<br>I/49 | Date Filed<br>5/21/13 |
| | Associated Cases | | |
| | Facility<br>Five Points Correctional Facility | | |
| **INMATE GRIEVANCE PROGRAM**<br>**CENTRAL OFFICE REVIEW COMMITTEE** | Title of Grievance<br>Assaulted During Use Of Force | | |

2/5/14

## GRIEVANT'S REQUEST UNANIMOUSLY ACCEPTED IN PART

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby accepted only to the extent that CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that this matter has been properly investigated by the facility administration. CORC further notes that the grievant was involved in a documented Unusual Incident and Use of Force on 5/13/13 when he was observed fighting with another inmate. He was promptly seen by medical staff for a minor injury, and subsequently issued a misbehavior report. In addition, CO's F..., L... and M... deny assaulting him on 5/13/13. CORC finds no malfeasance by staff.

Further, CORC notes that Directive #4040, § 701.1, states, in part, that the grievance program is not intended to support an adversary process.

With respect to the grievant's appeal, CORC notes that his assault allegations were investigated by the Office of the Inspector General and found to be unsubstantiated, and that he has since been transferred.

CMV/tll

--------------------------------------------------------------------------------
--------------------------------------------------------------------------------

This document has been electronically signed by Jeffery A. Hale

William T. Grant #95A3324

Documents showing exhaustion of Administrative Remedies for Claims 2,3,and
4.

EXHIBIT #2



# COURT OF CLAIMS
## STATE OF NEW YORK

GLEN T. BRUENING
JUDGE

EMPIRE STATE PLAZA
P.O. BOX 7344, CAPITOL STATION
ALBANY, NEW YORK 12224
TELEPHONE (518) 242-3715
FACSIMILE (518) 242-3718

October 10, 2014

Marcus J. Mastracco, Esq.
Assistant Solicitor General
Office of the Attorney General
The Capitol
Albany, New York  12224

     Re:    Matter of Grant v Annucci
            Index Number:  6959-13

Dear Mr. Mastracco:

     Enclosed is the executed Decision and Order/Judgment  with regard to the above matter. The original is being forwarded to you for filing and service. A copy of the Decision and Order/Judgment and the original supporting papers have been sent to the County Clerk for placement in the file.  Also returned herewith are the exhibits submitted for in camera review.

                                    Sincerely,

                                      Jessica R. Wilcox
                                      Principal Law Clerk

JRW:jc
Enclosures

cc: (w/Encl: copy of Decision and Order/Judgment only)
William Grant  95-A-3324
Wende Correctional Facility
3040 Wende Road, PO Box 1187
Alden, New York 14004-1187

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ALBANY

In the Matter of the Application of

**WILLIAM GRANT,**

Petitioner,

For a Judgment pursuant to Article 78
of the Civil Practice Law and Rules.

-against-

**ANTHONY J. ANNUCCI,**
**ACTING COMMISSIONER N.Y.S.D.O.C.C.S.,**

Respondent.

**DECISION and ORDER/**
**JUDGMENT**
Index No.: 6959-13
RJI No.: 01-14-ST5509

APPEARANCES:

**WILLIAM GRANT, # 95-A-3324**
Petitioner, Pro Se
Wende Correctional Facility
3040 Wende Road, PO Box 1187
Alden, New York 14004-1187

**ERIC T. SCHNEIDERMAN**
Attorney General of the State of New York
Attorneys for Respondent
(Marcus J. Mastracco, Esq.)
NYS Department of Law - The Capitol
Albany, New York 12224

**GLEN T. BRUENING, J.:**

Petitioner is an inmate who commenced this CPLR article 78 proceeding to challenge a

Tier III disciplinary determination rendered on June 24, 2013, that was administratively affirmed

on September 4, 2013. Respondent answers and seeks the dismissal of the proceeding on the

-1-

grounds that the determination is in compliance with the law and is not arbitrary or capricious.[1]

As background, on May 13, 2013, while residing at Five Points Correctional Facility, Petitioner was issued two inmate misbehavior reports (IMR). The first charged him with a violation of Rules 113.22 (authorized item in an unauthorized area), 114.10 (smuggling), and 116.11 (altering State property), after a correction officer conducted a search of Petitioner in preparation for Petitioner's admission into the Special Housing Unit (SHU) and found a sewing needle concealed in Petitioner's waistband. The second charged him with a violation of Rules 100.13 (fighting), 104.11 (violent conduct), 104.13 (creating a disturbance), 106.10 (direct order), 107.10 (interference), 118.22 (unhygienic act spitting), and 100.11 (assault on staff) when, while being escorted from the SHU frisk room to his cell, Petitioner, among other things, struck both another inmate (Inmate Tracy Buel) and a correction officer (see Answer, Exhibit A).

A Tier III superintendent's hearing on both IMRs was conducted over the course of three days from May 23, 2013 until June 13, 2013 in front of Lieutenant Tad Levac (Hearing Officer), the individual designated by the Superintendent to conduct the hearing. Prior to the hearing, Petitioner opted for the use of an employee assistant (see 7 NYCRR 251-4.1), and requested that he be provided with, among other things, copies of the "Rule Book," Directive No. 4933, unusual incident reports, all interdepartmental "to/from" forms, "use of force reports," and a video (Answer, Exhibit C). At the commencement of the hearing, Petitioner advised that, except for

---

[1]Notably, the Attorney General offers neither a memorandum of law nor an affidavit in opposition to the Petition that would assist the Court in identifying the documents attached to the Answer and explaining how those documents support its position. Furthermore, the Answer did not include documents and items submitted for in camera inspection, noting that such information was available to the Court upon request. The Court requested the same from Respondent's counsel, and received those documents on June 6, 2014.

the formal charges and a copy of Directive 4933, he was provided with none of the requested documents. The Hearing Officer permitted Petitioner to view a video recording, and the hearing was adjourned. On June 8, 2013, the hearing resumed. At the beginning of the adjourned hearing date, Claimant was provided with a "stack of papers" (Answer, Exhibit M, page 11). Ten to twenty minutes later, over Petitioner's repeated objection that he did not have sufficient time to review the documents, the hearing officer took the documents and the hearing continued (see Answer, Exhibit P, pages 2-3).[2] Testimony was taken, and Petitioner was denied his request to recall the witnesses. The hearing was again adjourned and finally completed on June 13, 2013.

During the course of the hearing, Petitioner sought the testimony of a DOCCS Inspector General (IG Investigator) who, as a result of Petitioner's complaint dated May 17, 2013, is alleged to have investigated the incident involving Inmate Buel. Petitioner also sought to read into evidence a copy of a grievance filed after the incidents. The Hearing Officer denied Petitioner's request to read his grievance, and further denied Petitioner's request for the testimony of the IG Investigator, stating that such testimony was "not relevant" (Answer, Exhibit M, page 52). The Hearing Officer, however, granted Petitioner's request for the testimony of Inmate Buel.

---

[2] Although not clear from the record, it appears that on June 8, 2013, the Hearing Officer provided Petitioner with and read into the record certain "use of force" reports authored by Officers Lalone, Flora, Maloy, and Dybdhal – all dated May 13, 2014. The hearing was adjourned to June 13, 2013, when a "use of force" report authored by Officer Woodard was read into the record. Notably, the record compiled as a part of this proceeding reveals that Officer Lalone signed two "use of force" reports, both dated May 13, 2013, and that another Officer – Prebalick – signed a "use of force" report on that same date. There is no confirmation from the record that Petitioner received all or any of these reports on June 8th.

On July 13, 2013, Petitioner was found guilty of the charges, and the Hearing Officer imposed a penalty of 24 months confinement to the SHU and the loss of recreation, packages, commissary, and telephone privileges and loss of good time. On June 19, 2013, the penalty was modified by, among other things, reducing Petitioner's SHU confinement to 15 months. Petitioner appealed the hearing determination, which was administratively affirmed on September 4, 2013.

Petitioner then commenced this proceeding, claiming that several procedural errors occurred that require that the hearing determination be annulled and the matter expunged from his records. Specifically, Petitioner contends that his due process rights were violated in that he was subjected to ineffective employee assistance and based on the Hearing Officer's refusal to allow Petitioner to call the IG Investigator, among other arguments.

Pursuant to 7 NYCRR 251-4.1, when an inmate has been issued a misbehavior report and is confined pending a superintendent's hearing to be conducted pursuant to 7 NYCRR part 254, the inmate shall have the opportunity to pick an employee to assist the inmate. The employee assistant may, among other things, "assist the inmate in obtaining documentary evidence or written statements which may be necessary" (7 NYCRR 251-4.2).

In this matter, the Court agrees with Petitioner that he was denied adequate employee assistance. The record reflects that Petitioner requested copies of all unusual incident reports, interdepartmental communications, and "use of force" reports related to the incidents, but that such documents were not provided by the date the hearing commenced. There is no evidence in the record that any efforts were made by the assistant to obtain these documents which, unlike general rules and directives that were requested and provided, are eyewitness and direct accounts

of the behavior that led to the charges issued.  The second misbehavior report alleges that

Petitioner, among other things, refused a direct order, was combative, and struck both Inmate

Buel and another correction officer, without provocation.  In his defense, Petitioner asserts, in

sum and substance, that the officers permitted or encouraged the fight as an excuse to use

excessive force on him.  As such, the Court cannot say, on this record, that the absence of those

documents did not prejudice Petitioner's defense.  The fact that the Hearing Officer belatedly

provided certain documents to Petitioner at the hearing's first adjourned date – June 8th – does

not cure this defect since it is unclear from the record exactly what documents were provided.

What is clear, however, is that Petitioner was provided with, at most, 20 minutes to review

certain documents before they were taken away, and he was forced to proceed with the hearing.

Petitioner repeatedly objected, arguing that, notwithstanding that some reports were read into the

record, he did not have sufficient time to review the documents and had no notice of their

contents.  This is not surprising, especially in light of the lack of evidence that Petitioner was

permitted with sufficient time to review the documents on either June 8th or thereafter, including

prior to the second adjourned hearing date before additional testimony was taken.  Accordingly,

the Court concludes that Petitioner was denied meaningful employee assistance, thus prohibiting

Petitioner's ability to adequately prepare a defense.  As the right to such assistance implicates "a

right of constitutional dimension" (Matter of Krall v Selsky, 309 AD3d 1027, 1027-1027

[3d Dept 2003] [internal quotation mark and citations omitted]), the Hearing Officer's

determination must be annulled and all references to this matter be expunged (see Matter of

Canty v Fischer, 107 AD3d 1194, 1195 [3d Dept 2013]; compare Matter of Rupnarine v Prack,

118 AD3d 1062, 1064 [3d Dept 2014]).  In addition, Petitioner is entitled to the restoration of

any good time lost as a result of the disciplinary determination (see Matter of Samuels v Fischer, 98 AD3d 776, 777 [3d Dept 2012]).

As an additional basis for annulling the determination and expunging the record, the Court finds that the Hearing Officer violated Petitioner's right to call the testimony of the IG Investigator.  "An inmate generally has the right to call witnesses at a disciplinary hearing when doing so would not jeopardize institutional safety or correctional goals" (Matter of Buari v Fischer, 70 AD3d 1147, 1148 [3d Dept 2010]; see 7 NYCRR 254.5[a]).  However, an inmate is not entitled to call witnesses whose testimony would be irrelevant or redundant (see Matter of Blocker v Fischer, 107 AD3d 1285, 1286 [3d Dept 2013]).  The record reflects that, on May 17, 2013, Petitioner lodged a complaint with the DOCCS Inspector General, asserting that the May 13, 2013 incident was a result of officers' encouragement of the fight as an excuse to use excessive force.  The stated basis for the Hearing Officer's denial, that such testimony was not relevant, is disingenuous, since an investigation into whether excessive force was used would be relevant to, at the very least, the charges of fighting, violent conduct, creating a disturbance, direct order, interference, and assault on staff (see Answer, Exhibit A).  The Court finds that the Hearing Officer failed to state a good faith basis for the denial of Petitioner's request for the IG Investigator's testimony, thus violating Petitioner's constitutional right to call that witness, and requiring expungement of all references to this matter from Petitioner's institutional record (see Matter of Diaz v Fischer, 70 AD3d 1082, 1083 [3d Dept 2010]).  The Court denies the Petition insofar as it seeks damages for lost wages and back pay (see Matter of Gonzalez v Coughlin, 198 AD2d 683, 683 [3d Dept 1993], lv denied 83 NY2d 753 [1994]).  However, to the extent that Petitioner seeks reimbursement for costs and fees with respect to his Article 78 Petition, the

Court will entertain such an application within thirty days of service of notice of entry of the final judgment in this action (see CPLR 8601).  The Court does not reach the merits of Petitioner's remaining contentions.

Accordingly, it is hereby

**ORDERED and ADJUDGED**, that the relief requested in the Petition be and hereby is granted, insofar as the determination dated June 13, 2013 finding that Petitioner violated Rules 113.22 (authorized item in an unauthorized area), 114.10 (smuggling), 116.11 (altering State property), 100.13 (fighting), 104.11 (violent conduct), 104.13 (creating a disturbance), 106.10 (direct order), 107.10 (interference), 118.22 (unhygienic act spitting), and 100.11 (assault on staff) is annulled, and Respondent is directed to expunge from Petitioner's institutional record all references to the violation of those inmate rules and to restore any good time taken as a result thereof.

This constitutes the Decision and Order/Judgment of the Court.  The original Decision and Order/Judgment and the materials submitted by Respondent for in camera inspection are being returned to counsel for Respondent.  A copy of the Decision and Order/Judgment and the supporting papers have been delivered to the County Clerk for placement in the file.  The signing of this Decision and Order/Judgment, and delivery of a copy of this Decision and Order/Judgment shall not constitute entry or filing under CPLR 2220.  Counsel is not relieved from the applicable provisions of that rule respecting filing, entry and notice of entry.

**IT IS SO ORDERED AND ADJUDGED**.
**ENTER.**

Dated:  October 10, 2014
      Albany, New York

GLEN T. BRUENING
Acting Supreme Court Justice

The Court considered the following papers:

**By Petitioner:**
Order to Show Cause dated January 14, 2014;
Order Granting Petitioner Poor Person Status, dated January 14, 2014;
Affidavit of Service, sworn to on January 29, 2014.
Petition, dated December 23, 2013, with Exhibits A-B;
Affidavit in Support of Order to Show Cause, sworn to on December 23, 2013;
Reply to Respondent's Answer, sworn to on May 5, 2014, with Exhibit A.

**By Respondent:**
Answer, verified on April 30, 2014, with Exhibits A-Q, including those subsequently submitted
for in camera review;
Correspondence from Marcus J. Mastracco, Esq., dated June 4, 2014.

William T. Grant #95A3324


Documents showing exhaustion of Administrative Remedies for Fourth Claim



EXHIBIT #3

31
Disciplinary
Restrictions

WDE-39760-14

GRIEVANCE

NAME: William GRANT     DIN # 95A3324     Loc: D-19-5

FACILITY: WENDE CORR. FAC.

DATE: October 16, 2014

10/17
TC

Description: On October 10, 2014 my disciplinary disposition of June 13, 2013 That imposed sanctions of loss of all privileges until November 2015 (besides situ time) was ordered to be reversed, annulled and expunged off of all of my institutional records. It has almost been a week since The court's decision and Order of which The Attorney General has been notified yet none of my privileges have been restored. I tried using The phone and was told that it is restricted due to disciplinary sanctions. I tried to place an order to a company and the package room returned my order form and disbursement stating that I have loss of package privileges. I currently do not have loss of any privileges and because the facility has not done its due diligence and checking into this (I wrote to disciplinary office) the rights and privileges that I am entitled to are being violated and restricted. If I had for example a misbehavior report for a phone violation and had my phone privileges restricted as a result of the hearing disposition that would go into the facility computer system that same day and I wouldn't be able to use The phone, likewise if disciplinary sanctions have been reversed, annulled and expunged That should go into the facility computer system that same day and all restrictions immediately removed.

sign: William Grant

Action Requested: That The illegal and unlawful restrictions on my privileges be removed so That I be allowed to use The phone, order and receive packages, etc. as I am entitled to do.

FORM 2131E (REVERSE) (REV. 6/06)   WDE-39760-14                        10/24/14

**Response of IGRC:** Per investigation, it has been reported by Capt. E.M., that the decision to overturn grievant's restriction would have to be sent to Special Housing in Albany, who would have to expunge it from grievant's record. Capt. E.M further reports that this cannot be done at the facility level. Grievant has provided copies of the order from the Court, a copy of which was also provided to the Attorney General. Accordingly, this IGRC would agree that grievant's privileges should be restored. The IGRC would recommend that a memo be sent to Albany to rectify this matter as soon as possible.

Grievance granted to that extent.


Date Returned to Inmate ___10/28/14___        IGRC Members _____

Chairperson ___Jammian, Crew___

Return within 7 calendar days and check appropriate boxes.*

☐ I disagree with IGRC response and wish to appeal to the Superintendent.

☒ I agree with the IGRC response and wish to appeal to the Superintendent.

☐ I have reviewed deadlocked responses. Pass-Thru to Superintendent

☐ I apply to the IGP Supervisor for review of dismissal


Signed ___William Grant___                    ___10/30/14___
                    **Grievant**                                **Date**


_____                  _____
        **Grievance Clerk's Receipt**                   **Date**

_____

*To be completed by Grievance Clerk.*


Grievance Appealed to the Superintendent _____
                                                      Date

Grievance forwarded to the Superintendent for action _____
                                                                  Date


*An exception to the time limit may be requested under Directive #4040, section 701.6(g).

To: Commissioner
NYS Doccs
1220 Washington ave.
Building #2
Harriman State Campus
Albany, N.Y. 12224

From: William Grant #95A3324
Wende Corr. Fac.
Wende Rd. P.O. Box 1187
Alden, N.Y. 14004-1187

Date: October 27, 2014

RE: unlawful sanctions And Restrictions,

Dear Commissioner,

On May 29, 2013 I was given a disposition of 6 month Shu and loss of all privileges due to misbehavior Report at (5) points Corr Fac. The sanctions were to run from May 13, 2013 (5-13-13) to November 13, 2013 (11-13-13) (Ex. "A")

On June 13, 2013 I was given a disposition of 24 months shu and loss of all privileges due to another misbehavior report at Five (5) points. The sanctions were to run consecutive to the first disposition and begining on November 13, 2013 (11-13-13) and end on November 13, 2015 (11-13-15). On June 14, 2013 The superintendent at five (5) points Corr. fac modified the shu time only to nine (9) months thus ending on August 13, 2013. (Ex. "B")

Having done Fifteen (15) months in Shu I had completed The Shu time for both dispositions. When I arrived to this facility (8-1-14) I had loss of all privileges due to sanctions imposed for the second disposition which was to run from 11-13-13 to 11-13-15. In August 2014 The Dep of Security at this facility gave me a time cut on those sanctions from 11-13-15 to 11-13-14.

However, on October 10, 2014 The Albany County Court Ordered That my hearing disposition of June 13, 2013 which imposed sanctions from 11-13-13 to 11-13-15 be reversed, annulled and expunged from all of my institutional records. (Ex. "C")

Thus The sanctions and restrictions That I have been under as a result of That disposition should have been

GRANT # 95A3324
letter to Commissioner NYS Docs.
dated: October 27, 2014
  page 2

lifted and removed immediately. However, as of this date
they have yet to be lifted.

I was informed that my mother called
central office (NYS Docs) in regards as to why my phone
commissary, and package privileges haven't been restored and
was told that they would be restored on November 13, 2014 (11-13-14)

As the Albany County court has ordered that
disposition whose sanctions and restrictions that I had
been under, to be reversed, annulled, and expunged from all of
my institutional records there are no dispositions or reasons for
me to be under sanctions and restrictions of privileges until November
13, 2014 or any other date.

All of my privileges should have been restored
on October 10, 2014 as that disposition of June 13, 2013 was ordered
to be expunged from all of my institutional records and I have
already served the SHU time and sanctions imposed from the May
24, 2013 disposition which was to run from 5-13-13 to 11-13-13.

Thus I am requesting that the records be
corrected and that you notify this facility that I am no longer
under any disciplinary sanctions or restrictions and that they
immediately restore all of my privileges.

Thank you for your time and attention.

cc: WG/File
HONORABLE GLEN T. BRUENING
Acting SUPREME COURT JUSTICE OF
ALBANY County

Sincerely,
William Grant
William GRANT #95A3324
WENDE CORR. FAC.

GRANT, W          95A3324                    D-19-5

FORM 2133 (REV 6/06)

| STATE OF NEW YORK<br>DEPARTMENT OF CORRECTIONS AND<br>COMMUNITY SUPERVISION<br>INMATE GRIEVANCE PROGRAM<br><br>**SUPERINTENDENT** | GRIEVA CE NO.<br>WDE – 39760 -14 | DATE FILED<br>**10/17/14** |
|---|---|---|
| | **WENDE CF** | POLICY DESIGNATION<br>I |
| | TITLE<br>Denied removal of<br>disciplinary restrictions<br>reversal | CODE<br>**31** |

| SUPERINTENDENT'S SIGNATURE | | DATE<br>**11/04/14** |
|---|---|---|
| NAME:<br>Grant, W. | DIN<br>**95A3324** | LOCATION<br>**D/19/5S** |

The grievant states he has received a Tier III reversal on 10/10/14 and he is restrictions have not been removed.

Per investigation, the IRC has not received verification from Special Housing in Albany that there has been a reversal or an expungement order for the grievant.   The paperwork must come directly from Albany to be processed.

The grievant has previously been advised by the IRC, in a memo dated 10/20/14, to address his concerns with the Office of Special Housing, NYCDOCCS, 1220 Washington Ave., Building 2, Albany, NY 12226.

When proper paperwork is received, the adjustments will be made to the grievant's disciplinary record.

Grievance is accepted to that extent.

---

**APPEAL STATEMENT**

If you wish to refer the above decision of the superintendent, please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal.  Please state why you are appealing this decision to CORC.

Grievant supplied this administration with a copy of the court's Order Decision ordering the Tier 3 of 6/13/13 to be reversed, annulled and expunged from his records. Additionally Grievant has wrote to Office of Special Housing, Commissioner of Docs, as well as Attorney General addressing his concerns. The facility acts as if they do not have the means (telephone, fax, e-mail, etc) to contact the office of Special Housing or Commissioner to verify the reversal.
William Grant

_____                            _____
GRIEVANT'S SIGNATURE                                  DATE 11/11/14

_____                            _____
GRIEVANCE CLERK SIGNATURE                              DATE

*An exception to the time limit may be requested under Directive #4040, section 701.6(g).

| STATE OF NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION | Grievance Number WDE-39760-14 | Desig./Code I/28 | Date Filed 10/17/14 |
|---|---|---|---|
| | Associated Cases Grant, W 95A3324   D 19-5 | | |
| | Facility Wende Correctional Facility | | |
| INMATE GRIEVANCE PROGRAM CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance Removal Of Disciplinary Restriction Reversal | | |

2/11/15

## GRIEVANT'S REQUEST UNANIMOUSLY ACCEPTED IN PART

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby accepted only to the extent that CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that the Office of SHU/Inmate Discipline received notification of the Court's decision and expunged the grievant's 5/13/13 misbehavior report on 12/3/14. It is also noted that the $5.00 disciplinary surcharge, and an $84.60 payroll make-up, were posted to his account on 12/13 and 12/31/14, respectively.

With respect to the grievant's appeal, CORC has not been presented with sufficient evidence of malfeasance by staff.

JNA/rjq
-------------------------------------------------------------------------------------
-------------------------------------------------------------------------------------

This document has been electronically signed by Karen R. Bellamy

                    Mr.William T. Grant #95A3324
                        Greenhaven Corr.Fac.
                          594 Route 216
                     Stormville, New York 12582

United States District Court Clerk
Western District of New York
304 U.S. Courthouse
68 Court Street
Buffalo,New York 14202-3498

                              Date: May 3,2016

RE: "Filing of Civil Rights Action"

Dear Sir/Madam,
        Enclosed please find for filing an original completed and signed
complaint form, signed motion to proceed IN FORMA PAUPERIS and supporting
affirmation, signed authorization, completed and signed Civil Cover Sheet,
declaration of verification of complaint, and copies of documents showing
that I have exhausted my administrative remedies for all claims, for proper
processing and filing.
        Also enclosed are copies of correspondences that I have sent to
Inmate Accounts/Institutional Steward at this facility in regards to the
Certification of my IN FORMA PAUPERIS Applications as well as a declaration
of service. As of thia date I have yet to receive a response nor have any
of my IFP Applications been certified or returned to me. I had to send the
enclosed Motion to Proceed IN FORMA PAUPERIS application and supporting
affirmation uncertified because the Officials at this Prison have refused
to certify them and or respond to my correspondences and my deadline for
filing is soon and I do not want to be prejudiced or have my action
dismissed for being untimely.
        If you have any questions please feel free to contact me at the
above address.
        Thank you for your time and attention in this matter.


CC:WG/File                              Very Truly Yours,
    May 3,2016                          _William T Grant_
                                        Mr.William T. Grant #95A3324

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

William T. Grant,
                    Plaintiff,

        -against-

Anthony J. Annucci Commiss.NYS
DOCCS; Lt. Tad Levac; C.O.'s
J.Lalone, P.Flora, R.Maloy;
Corr.Counselor D.Funke. Sued in
their individual capacities.
                    Defendants.

DECLARATION OF SERVICE
BY MAIL

STATE OF NEW YORK )
                  )ss.:
COUNTY OF DUTCHESS)

        I, **William T. Grant**, the Pro-Se Plaintiff in the above-entitled
action, declares under the penalty of perjury, that I have sent an to the
U.S. Western District Court Clerk, an original 1) Completed and signed
complaint form, 2) Signed Motion to proceed IN FORMA PAUPERIS and supporting
Affirmation, 3) Signed authorization, 4) Completed and signed Civil Cover
Sheet, 5) Declaration of verification and 6) Copies of documents showing
that I have exhausted my administrative remedies for all Claims, at the
following address: United States District Court Clerk
                   Western District of New York
                   304 U.S. Courthouse
                   68 Court Street
                   Buffalo, New York 14202-3498

        By placing them in a sealed legal envelope marked "Urgent Legal
Mail" and depositing it in the receptacle designated as the U.S. Postal
Mailbox at Greenhaven Corr.Fac. on the 3rd day of _May_ ,2016.
        Pursuant to 28 U.S.C.§1746, I declare under penalty of perjury
that the foregoing is true and correct.

Dated: _May 3rd_ ,2016.
       Stormville,New York.

_William T. Grant_
Mr.William T. Grant #95A3324
Greenhaven Corr.Fac.
594 Route 216
Stormville, New York 12582

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

William T. Grant,
                    Plaintiff,                          DECLARATION OF SERVICE
                                                        BY MAIL

            -v-

Anthony J. Annucci et,al.
                    Defendants.

_____

STATE OF NEW YORK )
                  )ss.:
COUNTY OF DUTCHESS)


        I, **William T. Grant**, the Pro-Se Plaintiff in the above-entitled
action, declares under penalty of perjury that I have sent another Original
IFP Application to the Institutional Steward and Inmate Accounts at the
Greenhaven Corr. Fac. 594 Route 216, Stormville, N.Y.12582 for proper
certification as instructed by the U.S. District Court for the Western
District of New York by placing it in a sealed envelope martked "Urgent
Legal Mail" and deposited it in a receptacle designated as the U.S.
Postal Service mailbox within the facility on the 24th day of April 2016.

        Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury
that the foregoing is true and correct.

                                        _William Grant_____
                                        Mr.William T. Grant #95A3324
Dated: April 24,2016                    Greenhaven Corr.Fac.
       Stormville, New York.            594 Route 216
                                        Stormville,N.Y.12582

TO: Inmate Accounts
    Greenhaven Corr.Fac.

FROM: William Grant #95A3324
      LOC: B4-180

DATE: April 10,2016

RE: IN FORMA PAUPERIS AFFIRMATION

Dear Inmate Accounts,

        Enclosed please find my "MOTION TO PROCEED IN FORMA PAUPERIS AND
SUPPORTING AFFIRMATION" in which by direction of the US DISTRICT COURT I
am sending to you to complete and certify the "PRISON CERTIFICATION SECTION"
and return to me so that I can send it back to the COURT as soon as possible.
        Thank You very much for your time and attention in this matter.

                                        Very Truly Yours,

                                        William Grant #95A3324

CC: WG/FILE
    April 10,2016

To: Institutional Steward
    Greenhaven Corr.Fac.


From: William T. Grant #95A3324
      Loc: B-4-180

Date: April 24,2016

RE: IFP Application


Dear Institutional Steward,

        Enclosed please find my IFP Application that I am sending to you
for verification and certification in accordance with the directions that
I have been given by the Clerk of the U.S. District Court, Western District

        Can you please fill out the "PRISON CERTIFICATION SECTION" and
return it to me as soon as possible as I have an upcoming deadline.

        This is the second IFP Application that I have sent to you and
I have yet to receive a response. I had sent the other IFP Application to
you on April 10,2016.

        I would like to thank you for your time and attention into this
matter.

                                        Very Truly Yours,

                                        William T. Grant

cc: WG/File                             Mr.William T. Grant #95A3324
Clerk, U.S. District Court
Western District of New York
304 U.S. Courthouse
68 Court Street
Buffalo,N.Y.14202-3498

mo William T Conant #04A3324

594 Route 216
STORMVILLE, N.Y. 12582

USDC - WDNY

MAY 6   2016

BUFFALO

"URGENT Legal"

MAil