UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**WILLIAM T. GRANT, 95-A-3324,**

                **Plaintiff,**

v.
                                                          16-CV-361W(Sr)

**ANTHONY J. ANNUCCI, et al.,**

                **Defendants.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Elizabeth A. Wolford, in accordance with 28 U.S.C. § 636(b), for all pretrial matters. Dkt. #10.

Plaintiff, proceeding *pro se*, commenced this action pursuant to 42 U.S.C. § 1983, alleging excessive use of force and denial of due process during disciplinary proceedings relating to an incident that occurred on May 13, 2013 while plaintiff was incarcerated at Five Points Correctional Facility. Dkt. #1.

During plaintiff's deposition on May 16, 2017, plaintiff testified that "as a result of the incident, from that time I was seeing . . . mental health and I was eventually put on medication, mental health medications because of the trauma and things that I experienced because of that incident." Dkt. #45-1, p.7. Plaintiff also testified that he may have seen mental health while he was in the Auburn Correctional Facility prior to his transfer to the Five Points Correctional Facility. Dkt. #45-1, p.8.

Defendants provided plaintiff with an authorization to release all mental health records from the Central New York Psychiatric Center. Dkt. #45-1, pp.12 & 14 & Dkt. #55.

Plaintiff questioned why defendants would require access to "all" of his mental health records and limited the authorization to the time period of April, 2013 through the present. Dkt. #45-1, p.16.

Defendants responded that because of plaintiff's testimony of mental health issues resulting from the alleged excessive force incident, they were entitled to all mental health records, both past and present, to assess potential liability. Dkt. #45-1, p.18 & Dkt. #48.

Currently before the Court is defendants' motion to compel plaintiff to authorize disclosure of all mental health records in the possession of the Central New York Psychiatric Center. Dkt. #45.

Pursuant to Rule 26(b) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." In *Jaffe v. Redmond*, the United States Supreme Court "made clear that the federal courts are required to recognize that confidential communications between a licensed psychotherapist - including a licensed social worker engaged in psychotherapy - and his or her patients in the course of diagnosis or treatment are

protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Sims v. Blot*, 534 F.3d 117, (2d Cir. 2008), *citing* 518 U.S. 1, 15 (1996). The privilege is not forfeited when an opposing party raises plaintiff's mental state as an issue in the case. *Id.* at 134. However, the privilege will be waived when the plaintiff places his mental or emotional state at issue in the proceeding by seeking damages beyond "garden variety" claims of emotional distress. *Id.* at 140-41. "In 'garden variety' emotional distress claims, the evidence of mental suffering is generally limited to the testimony of the plaintiff, who describes his or her injury in vague or conclusory terms, without relating either the severity or consequences of the injury." *Olsen v. County of Nassau*, 615 F. Supp.2d 35, 46 (E.D.N.Y. 2009); *See Sims*, 534 F.3d at 140-41 ("garden variety" claim is nothing more than emotional injury "ordinarily associated with a conventional claim for pain and suffering"). A plaintiff may withdraw or formally abandon claims for emotional distress beyond the garden variety claim in order to avoid forfeiting his psychotherapist-patient privilege. *Sims,* 534 F.3d at 134.

It is unclear from plaintiff's complaint and deposition testimony whether he is claiming emotional distress beyond that which would be expected from his allegations of excessive force by corrections officers. To the extent that plaintiff intends to use his mental health records as evidence of significant trauma or a diagnosable mental health condition caused by the incident, he cannot shield his mental health records, including his mental health history, from review by defendants. Accordingly, plaintiff shall either sign the authorization as provided to him by defendants, a copy of which is enclosed

with this decision), no later than December 1, 2017 or he shall forfeit any claim to emotional distress damages beyond a claim for garden variety emotional distress.

**SO ORDERED.**

DATED:   Buffalo, New York
         November 9, 2017

                                        *s/ H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**